WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Jeff Martin Dilbeck,<br><br>    Plaintiff,<br><br>v.<br><br>Commissioner of Social Security Administration,<br><br>    Defendant. | No. CV-19-5289-PHX-DMF<br><br>**ORDER** |

At issue is the denial of Plaintiff Jeff Dilbeck's Applications for Disability Insurance benefits and Supplemental Security Income benefits by the Social Security Administration ("SSA") under the Social Security Act ("the Act"). Plaintiff filed a Complaint (Doc. 1) with this Court seeking judicial review of that denial, and the Court now addresses Plaintiff's Opening Brief (Doc. 14, "Pl. Br."), Defendant SSA Commissioner's Response Brief (Doc. 15, "Def. Br."), and Plaintiff's Reply (Doc. 16, "Reply"). The Court has reviewed the briefs and Administrative Record (Doc. 10, "R."), and now reverses the Administrative Law Judge's ("ALJ") decision (R. at 14-22) as upheld by the Appeals Council (R. at 1-6).

**I.  BACKGROUND**

Plaintiff filed his Applications for Disability Insurance benefits and Supplemental Security Income benefits on May 12, 2017, alleging disability beginning on May 12, 2016. (R. at 14.) His claim was denied initially on June 14, 2017, and upon reconsideration on September 1, 2017. (R. at 14.) On May 1, 2019, Plaintiff appeared at a hearing before the

ALJ.  (R. at 28-59.)  On June 19, 2019, the ALJ denied Plaintiff's Application, and on July 29, 2019, the Appeals Council denied Plaintiff's Request for Review.  (R. at 1-6, 14-22.)

The Court has reviewed the medical evidence in its entirety and will discuss the pertinent medical evidence in addressing the issues raised by the parties.  Upon considering the medical records and opinions, the ALJ evaluated Plaintiff's disability based on the following severe impairments:  kidney stones status post cystoscopy and ureteroscopy, pancreatic lesion status post Whipple procedure, transurethral resection of prostate, and lumbar degenerative disc disease.  (R. at 16.)

Ultimately, the ALJ evaluated the medical evidence and testimony and concluded that Plaintiff was not disabled from June 22, 2016 through the date of the decision.  (R. at 20.)  The ALJ found that Plaintiff "does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1." (R. at 17.)  Next, the ALJ calculated Plaintiff's residual functional capacity ("RFC") and found that he can perform a "full range of medium work as defined in 20 CFR 404.1567(c) and 416.967(c)."  (R. at 18.)  The ALJ found that Plaintiff was unable to perform his past relevant work, but because there are jobs that exists in significant number in the national economy that Plaintiff could perform, he was not disabled.  (R. at 20-22.)

**II.    LEGAL STANDARDS**

In determining whether to reverse an ALJ's decision, the district court reviews only those issues raised by the party challenging the decision.  *See Lewis v. Apfel*, 236 F.3d 503, 517 n.13 (9th Cir. 2001).  The Court may set aside the Commissioner's disability determination only if it is not supported by substantial evidence or is based on legal error.  *Orn v. Astrue*, 495 F.3d 625, 630 (9th Cir. 2007).  Substantial evidence is relevant evidence that a reasonable person might accept as adequate to support a conclusion considering the record as a whole.  *Id.*  To determine whether substantial evidence supports a decision, the Court must consider the record as a whole and may not affirm simply by isolating a "specific quantum of supporting evidence."  *Id.*  Generally, "[w]here the evidence is

susceptible to more than one rational interpretation, one of which supports the ALJ's decision, the ALJ's conclusion must be upheld." *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002) (citations omitted).

To determine whether a claimant is disabled for purposes of the Act, the ALJ follows a five-step process. 20 C.F.R. § 404.1520(a). The claimant bears the burden of proof on the first four steps, but the burden shifts to the Commissioner at step five. *Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999). At the first step, the ALJ determines whether the claimant is presently engaging in substantial gainful activity. 20 C.F.R. § 404.1520(a)(4)(i). At step two, the ALJ determines whether the claimant has a "severe" medically determinable physical or mental impairment. 20 C.F.R. § 404.1520(a)(4)(ii). At step three, the ALJ considers whether the claimant's impairment or combination of impairments meets or medically equals an impairment listed in Appendix 1 to Subpart P of 20 C.F.R. Part 404. 20 C.F.R. § 404.1520(a)(4)(iii). If so, the claimant is automatically found to be disabled. *Id.* At step four, the ALJ assesses the claimant's RFC and determines whether the claimant is still capable of performing past relevant work. 20 C.F.R. § 404.1520(a)(4)(iv). If not, the ALJ proceeds to the fifth and final step, where she determines whether the claimant can perform any other work in the national economy based on the claimant's RFC, age, education, and work experience. 20 C.F.R. § 404.1520(a)(4)(v). If not, the claimant is disabled. *Id.*

### III. ANALYSIS

Plaintiff's appeal turns on a single issue: whether the ALJ properly evaluated the opinion of Plaintiff's treating physician, Dr. Farhoud Khosravi. (Pl. Br. at 1.) Specifically, Plaintiff argues that the ALJ incorrectly concluded that the medical evidence did not support Dr. Khosravi's opinion. (Pl. Br. at 22.) Additionally, Plaintiff argues that the ALJ erroneously concluded that Plaintiff's daily activities undermine Dr. Khosravi's opinion because that conclusion was based on an isolated record that Plaintiff walks daily. (Pl. Br. at 24.) The Court finds that Plaintiff's arguments are correct for the reasons that follow and accordingly reverses the ALJ's decision.

Previously, the Ninth Circuit recognized "a hierarchy among the sources of medical opinions." *Tommasetti v. Astrue*, 533 F.3d 1035, 1041 (9th Cir. 2008). Those who treated a claimant were treating physicians, those who examined but did not treat the claimant were examining physicians, and those who neither examined nor treated the claimant were nonexamining physicians. *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1995). This hierarchy was known as the treating physician rule, which generally afforded greater weight to the opinions of treating physicians. *Orn*, 495 F.3d at 632; *Edlund v. Massanari*, 253 F.3d 1152, 1158 (9th Cir. 2001), as amended on reh'g (Aug. 9, 2001).

"In March of 2017, The Social Security Administration amended their regulations to abrogate the treating physician rule, among other changes." *Alonzo v. Comm'r of Soc. Sec. Admin.*, No. CV-18-08317-PCT-JZB, 2020 WL 1000024, at *3 (D. Ariz. Mar. 2, 2020) (citing *Revisions to Rules Regarding the Evaluation of Medical Evidence*, 82 Fed. Reg. 5844-01, 2017 WL 168819, at *5852-57 (Jan. 18, 2017)). The new regulations apply to claims filed on or after March 27, 2017. 20 C.F.R. §§ 404.1520c, 416.920c. The new regulations provide that the ALJ "will not defer or give any specific evidentiary weight, including controlling weight, to any medical opinion(s) or prior administrative medical finding(s), including those from your medical sources." 20 C.F.R. §§ 404.1520c, 416.920c.

The new regulations require the ALJ to articulate how persuasive each medical opinion is according to several enumerated factors. 20 C.F.R. § 404.1520c(a), (b); § 416.920c(a), (b). Those factors include: (1) supportability, (2) consistency, (3) relationship with the claimant, (4) specialization, and (5) other factors. 20 C.F.R. §§ 404.1520c(c), 416.920c(c). The most important factors in evaluating an opinion's persuasiveness are its supportability and consistency. 20 C.F.R. §§ 404.1520c(a), 416.920c(a).

The ALJ found Dr. Khosravi's opinion unpersuasive for two reasons. First, the ALJ found that Dr. Khosravi's opinion is inconsistent with the evidence because Plaintiff "responded well to treatment measures . . . [and] medication controlled his pain reasonably well," *i.e.*, it was inconsistent with the medical evidence. (R. at 20) Plaintiff claims that this rationale is erroneous because the ALJ "pick[ed] and cho[]se evidence unfavorable to

[Plaintiff] while ignoring evidence favorable to [Plaintiff]." (Pl. Br. at 22.) Specifically, Plaintiff appears to argue that the ALJ mistakenly rejected Dr. Khosravi's opinion based on findings purely related to Plaintiff's back impairment, even though Dr. Khosravi's opinion focused exclusively on Plaintiff's gastrological impairments. (Pl. Br. at 22; Reply at 2.) Second, the ALJ rejected Dr. Khosravi's opinion because he found that it was inconsistent with Plaintiff's daily activities, specifically his ability to walk five to six miles per day. (R. at 20.) Plaintiff argues this finding is not inconsistent with Dr. Khosravi's opinion. (Pl. Br. at 24.)

The Court agrees with both of Plaintiff's arguments. Dr. Khosravi is Plaintiff's treating gastroenterologist, and his treatment and opinion focused on Plaintiff's gastrological impairments. (R. at 737, 3402-03.) Specifically, Dr. Khosravi cited Plaintiff's abdominal pain and diarrhea as functionally limiting impairments.[1] (R. at 3402.) However, in rejecting Dr. Khosravi's opinion, the ALJ cited records that have nothing to do with Dr. Khosravi's opinion that Plaintiff's diarrhea is functionally limiting. (R. at 20.) For example, the ALJ cited Plaintiff's "normal musculoskeletal range of motion with no tenderness and normal range of motion in the back" as evidence that undermines Dr. Khosravi's opinion. (R. at 20.)

Plaintiff is correct that the records the ALJ used as support for rejecting Dr. Khosravi's opinion rely on "an apples to oranges comparison." (Reply at 2.) Those records reflect that treatment and medication aided Plaintiff's back pain but do not indicate whether Plaintiff's diarrhea improved, which was the impairment that Dr. Khosravi's opinion and treatment focused on. (R. at 728, 742, 1035, 1038, 1041, 3402, 3510-11.) Moreover, those records may actually support Dr. Khosravi's opinion because they indicate Plaintiff was positive for nausea, vomiting, constipation, and changes in bowel habits.[2] (R. at 1034-35,

---

[1] Dr. Khosravi's opinion was consistent with Plaintiff's chief complaint at his hearing—that daily diarrhea and abdominal pain prevent him from maintaining regular functional activities. (R. at 43, 49-52.)

[2] The ALJ also cited these records to support his finding that Plaintiff's medication controlled his pain reasonably well. (R. at 20.) But the records do not indicate that the impairments Dr. Khosravi treated were controlled with medication. (R. at 1034-35, 1037-38, 1040-41.)

1037-38, 1040-41.) One record the ALJ cited indicates an *increase* in Plaintiff's abdominal pain and diarrhea. (R. at 2734-35.) Ultimately, the records the ALJ relied upon do not indicate that the impairments Dr. Khosravi opined to—diarrhea and abdominal pain— responded to treatment or were controlled by medication. (R. at 20.) Thus the ALJ's finding that Dr. Khosravi's opinion was contradicted by the medical evidence is unsupported and erroneous.

The ALJ's reliance on Plaintiff's daily walks is similarly faulty. Plaintiff's daily walks, absent more specific findings, do not undermine Dr. Khosravi's opinion that diarrhea and abdominal pain significantly limit Plaintiff's functional abilities. (R. at 3402-03, 3466.) *See Orn*, 495 F.3d at 639. The ALJ did not explain why Plaintiff's walks are inconsistent with Dr. Khosravi's opinion. (R. at 20.) Nor did the ALJ make specific findings regarding these walks. He failed to evaluate the details of Plaintiff's walks and determine if and how Plaintiff's diarrhea interfered with his walks. (R. at 20.) The ALJ identified only a single instance in the record of Plaintiff walking five to six miles per day. (R. at 19-20, 3466.) Without more specific findings this evidence inadequately supports the ALJ's rejection of Dr. Khosravi's opinion based on Plaintiff's daily activities since Plaintiff could have scheduled his walks around his bouts of diarrhea and abdominal pain. *See, e.g*, *Fair v. Bowen*, 885 F.2d 597, 603 (9th Cir. 1989) ("The Social Security Act does not require that claimants be utterly incapacitated to be eligible for benefits . . . and many home activities are not easily transferable to what may be the more grueling environment of the workplace, where it might be impossible to periodically rest or take medication."). Because Plaintiff's walks are the only daily activity the ALJ cites as support for rejecting Dr. Khosravi's opinion, the rejection on that basis fails for lack of support.

Since the ALJ's rationale for rejecting Dr. Khosravi's is erroneous, the ALJ's disability determination is unsupported by substantial evidence. Importantly, the ALJ did not adequately evaluate the limitations stemming from the primary issues Plaintiff complains of and Dr. Khosravi identifies—diarrhea and abdominal pain.

The appropriate remedy is to remand this case for further proceedings.[3] *See Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1099 (9th Cir. 2014).

**IT IS THEREFORE ORDERED** reversing the June 19, 2019 decision of the Administrative Law Judge. (R. at 14-22.)

**IT IS FURTHER ORDERED** remanding this case to the Social Security Administration for further proceedings consistent with this Order.

**IT IS FURTHER ORDERED** directing the Clerk to enter final judgment consistent with this Order and close this case.

Dated this 30th day of July, 2020.

_____
Honorable Deborah M. Fine
United States Magistrate Judge

---

[3] Plaintiff does not argue for remanding his case for computation of benefits in his briefing. (Pl. Br. at 25; Reply at 3.)